IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Brother T. M. Bey, Sheik, a Moorish-American Moslem, Citizen of the U.S.A., in his absolute natural personality, on relation of WILLIAMS BEY/WILLIAMS-BEY, T M, an Individual-Recipient, NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES ("DHS") CASE NUMBER 00317567, Plaintiff | ) ) ) ) ) ) ) ) | # _____ |
| vs. | ) ) | |
| NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES ("DHS"), MEDICAL SERVICES DIVISION, Shanna Mills, and Kathy Halse, Jointly, Severally, or in the Alternative, Defendant(s). | ) ) ) ) ) ) | **COMPLAINT** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Brother T. M. W. Bey, Sheik, on relation of WILLIAMS BEY/WILLIAMS-BEY, T M, complaining of the defendant(s), allege(s):

**PRELIMINARY MATTERS;**

**1A:    PLAINTIFF'S;**

**1A1:**    Brother T. Williams-Bey, Sheik, age 48, a registered member of Moorish Science Temple No. 34, an Integrated Auxiliary of the Moorish Science Temple of America, is a Citizen of the U.S.A. (1 Stat. 4), pursuant to 8 Stat. 484, in accordance with the aforesaid engagements, as guaranteed and protected under obligations identified by reference to 1 Stat. 10, 19, Article VI;

**1A2:**   WILLIAMS-BEY, T M [sic] is the name given by a U.S. municipal corporation (the City of New York) to Certificate Number 156-69-103427 _____, property of the City of New York, constituting evidence of the legal existence of an individual or other legal person within the United States (noun: "U.S.");

**1A3:**   WILLIAMS BEY, T M [sic] is the name given by a United States agency (the U.S. Social Security Administration) to Social Security Account-Administration Number/Card ███████ 8801, legal property of the U.S. Social Security Administration or other agency of the United States;

**1A4:**    00317567, CASE 00317567 and/or CASE NUMBER 00317567, was generated by a defendant and is the intellectual property of the defendant and otherwise defendant's property;

**1B:**    **DEFENDANT'S;**

**1B1:**   Department of Human Services ("DHS") is the name given to a statutory agency of the United States (noun: "U.S.") and/or the U.S. State of North Dakota and is operated as part of a state-controlled agency for the administration of human services, and for other purposes, it is a federal agency charged with the administration of human services programs;

**2: Prerequisites;**

**2A1:**   Upon filing the complaint in the office of the District Clerk, the plaintiff served on a United States agency for service of process upon the United States a copy of this complaint together with substantially all the factual information relied on by the plaintiff in bringing the lawsuit;

**2A2:**   The United States agency must decide and within sixty (60) days serve notice of its decision, whether or not it will intervene in this lawsuit.

**2A3**   Should the United States intervene, it assumes prosecution of the lawsuit;   However, should the government decline to intervene in this cause or controversy, this cause or controversy may not be voluntarily dismissed or settled without approval of the judiciary and the government;

**3:  JURISDICTION;**

**3A1:**   The False Claims Act, 96 Stat. 978, Section 3729(a), creates a liability for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages; and 96 Stat. 978, Section 3730 (b) authorizes that a private person may bring a civil action for a violation of  96 Stat. 978, Section 3729;

**3A2:**   The district court has original jurisdiction of any action or proceeding for the recovery of or enforcement of any fine, penalty, or forfeiture incurred under any Act of Congress; 62 Stat. 934, Section 1355, delegate

**3A3:**   A forfeiture action or proceeding may be brought in the district court for the district court in which any of the acts or omissions giving rise to the forfeiture occurred;

**3A4:**   The acts or omissions giving rise to the forfeiture did occur at Grand Forks: North Dakota and at Burleigh: North Dakota;

**3B1:**   The False Claims Act, 96 Stat. 978, Sections 3729 to 3733, limits the court's subject matter jurisdiction to cases where the relator is either the original source of the information which forms the basis of the complaint, or where the facts underlying the complaint have not been previously publicly disclosed;

**3B2:**   "Original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under the False Claims Act, 96 Stat. 978, Sections 3729 to 3733, which is based on the information.

**3B3:**   One of the goals of the 1986 False Claims Amendments Act was to encourage those with information about fraud against the government to bring it into the public domain; and, this is *not* a parasitic qui tam action simply taking advantage of information already in the public domain;

**3B4:**   It may be necessary for a magistrate to render findings and conclusions determining whether the facts underlying this complaint have been previously publicly disclosed within the meaning of the statute and rules of general construction; See, e.g., Minnesota Ass'n of Nurse Anesthetists v. Allina, 276 F.3d 1032, 1040; Osborne v. U.S., 918 F.2d 724, 729-30 (8th Cir.1990);

**3B5:**   Upon information and belief, the original source of the information, is the relator ("plaintiff"); and the original source of that information is two items of ordinary correspondence the defendant mailed directly to the relator (plaintiff);

**3B6:**   Upon information and belief, plaintiff's lawsuit is not "based upon the public disclosure of allegations in a criminal, civil, or administrative hearing, * * * or from the news media"; and, plaintiff is the original source of the information underlying this complaint;

## 4:  ELEMENTS;

**4A1:**   To establish a prima facie case under the False Claims Act, 96 Stat. 978, Sections 3729 to 3733, a plaintiff must establish at a minimum that (1) a false claim or false statement (2) was submitted to the United States for payment (3) with knowledge that the claim or statement in support of the claim was false.

**4A2:**   It may be necessary for a magistrate to interpret the statute and general construction in order to determine the proper application of the law to the facts where, as here, the defendant requested payment after, not before, submitting a claim to the United States for payment, such that the cause or controversy arises from defendant requesting that plaintiff make repayment to defendant for an alleged "overpayment" made by the United States;

**4B1:**    A prima facie case under the False Claims Act, 96 Stat. 978, Sections 3729 to 3733, may be stated in one of two ways;  A plaintiff may either prove **(1)** that a false claim **(2)** was presented by the defendant to the United States for payment, which, in this case was first *paid* by the United States and later was presented to the plaintiff for repayment to defendant allegedly for an "overpayment" made by the United States, or approval **(3)** with the defendant's knowledge that such claim was false; or: **(1)** that a false statement is support of a claim **(2)** was presented by the defendant to the United States for approval of a claim, **(3)** with the defendant's knowledge that the statement in support of the claim was false; 96 Stat. 978, Section 3729(a)(1) and (2);   This complaint is stated in the first way above-stated; The legal analysis of both types is identical;

**4B2:**    An example of an action based on the first theory is an action brought against a physician for knowingly presenting a claim to Medicare for reimbursement of services that were not ever performed.  See U.S. Ex rel. Roy v. Anthony, 914 F. Supp. 1504 (S.D. Ohio 1994); An example of a claim under the second theory is an action against a doctor who submits a valid claim, but falsely certifies that he or she has met all requirements for participation in the Medicare or Medicaid program;  14 COA 2d 1, Section 4;

**4C1:**    It may be suggested that there are two types of actionable false claims: Factually false claims and legally false claims;  This complaint presents a liability for legally false claims;

**4C2:**    A claim submitted to Medicaid for reimbursement for services never performed or not

reimbursable is a facially false claim in that there is no factually valid basis for the payment;  An example of a "legally" false claim is a request for reimbursement from Medicaid or Medicare by a provider who, as a prerequisite for payment, has certified eligibility for reimbursement because of compliance with certain State or federal regulations, but who has knowingly failed to comply with those regulations;  The instant complaint avers that the defendants knowingly failed to comply with 42 CFR Part 455, et al.  In such case, although the recipient actually may have been ineligible for [Medical benefits not actually received], the defendant is without authority to request that plaintiff reimburse defendant for an overpayment allegedly made by the United States because of the defendants' knowing failure to meet prerequisites governing [reimbursement] prescribed by regulations; 14 COA2d 1, Section 11)

**5: Standing;**

**5A:**     The relator need not allege that he suffered an actual injury to state a prima facie case; See U.S. Ex rel. Kelly v. Boeing Co., 9 F.3d 743, 748 (9th Cir. 1993) (False Claims Act "effectively assigns the government's claims to qui tam plaintiffs . . . who then may sue based upon an injury to the federal treasury); U.S. Ex rel. Butler v. Magellan Health Services, Inc., 74 F. Supp.2d 1201 (M.D. Fla 1999) (collecting cases in which courts affirm that a qui tam relator need not allege injury in fact).

**5B:**        If the Government elects to intervene and assume prosecution of this lawsuit, the Government may file its own complaint or amend this complaint to clarify or add detail to the

claims in which the Government may intervene and to add any additional claims with respect to which the Government contends it is entitled to relief;

**5C:**     The False Claims Act, 96 Stat. 978, Sections 3729 to 3733, creates liability for those who present false claims to the government and those who cause false claims to be presented.  Thus the Supreme Court has held that liability may attach to "any person who knowingly assisted in causing the government to pay claims which were grounded in fraud, without regard to whether that person had direct contractual relations with the government." U.S. Ex rel. Marcus v. Hess, 317 U.S. 537, 544-45, 63 S.Ct. 379, 87 L.Ed. 443 (1943); In this complaint, liability arises under the "causes to be presented" provision of the False Claims Act; and the complaint occurs in the Medicaid context, where claims are often processed through third party billing services or administrators whom merely process claims;  14 COA2d 1, Section 8;

**5C1:**     "Moreover, a false claim need not be submitted directly to the United States to be actionable.  It is sufficient to demonstrate that the false claim is made upon any entity if the United States pays any portion of the money or property which is requested or demanded.   This is significant in the Medicaid and Medicare context because often State agencies process Medicare and Medicaid claims, and often claims are paid jointly by state and federal agencies" (14 COA2d 1 Section 8).

**5D:**     "Several types of claims submitted to Medicaid or Medicare for reimbursement may be

actionable under the False Claims Act.  These claims generally fall into one of two categories: those claims that are invalid on their face, and those that are invalid because of the claimant's knowing failure to comply with extrinsic or legal requirements that are prerequisites to payment by Medicare or Medicaid" (14 COA 2d 1, Section 11), including, in the instant case, extrinsic or legal requirements that are prerequisites to requesting that plaintiff repay to defendant an alleged overpayment made by the United States;

**6:      INTRODUCTION;**

**6A:**     This is a claim made by plaintiff under the False Claims Act, 96 Stat. 978, Sections 3729 to 3733, in a proceeding to recover damages against defendants who submitted false or fraudulent claims for reimbursement under the Medicaid program

**6B:**     The False Claims Act ("the Act" or "FCA") is a statute that allows a private plaintiff to sue on behalf of the United States to recover damages against persons who have submitted false or fraudulent claims, usually submitted to the government for payment by the United States; This lawsuit is distinguished from the usual case;

**6C:**     The instant cause or controversy is distinguished from the usual case because, in this lawsuit defendant actually received and disbursed payments from the United States; By and by, after receiving and disbursing said payments from the United States, the defendant intermittently mailed plaintiff two (2) items of ordinary correspondence alleging an "overpayment" and requested

that plaintiff transfer to defendant value in an amount equivalent to that which defendant submitted for payment by the United States, and received from the United States and disbursed;

## 7:  Definition of terms;

**7A1:**   Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: (1) "Agency is the relationship which results when one person, called the principal, authorizes another, called the agent, to act for the principal in dealing with third persons" (N.D.C.C. 3-01-01); (2) "An agent for a particular act or transaction is called a special agent.  All others are general agents" (N.D.C.C. 3-01-02); (3) "An agency is either actual or ostensible.  It is actual when the agent really is empowered by the principal.  It is ostensible when the principal intentionally or by want of ordinary care causes a third person to believe another to be the principal's agent, who really is not employed by the principal" (N.D.C.C. 3-01-03); (4) "An agent may be authorized to do any acts which the agent's principal might do, except those to which the principal is bound to give personal attention" (N.D.C.C. 3-01-05); (5) "An agency may be created and an authority may be conferred by a prior authorization or a subsequent ratification" (N.D.C.C. 3-01-06); (6) "A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified or, when an oral authorization would suffice, by accepting or retaining the benefit of the act with notice thereof.  A ratification is not valid unless at the time of ratifying the act done the principal has power to confer authority for such an act and ratification of part of an indivisible transaction is

ratification of the whole" (N.D.C.C. 3-01-08); (7) No unauthorized act can be made valid retroactively to the prejudice of third persons without their consent" (N.D.C.C. 3-01-09);

**7A2:**   Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: (1) "Every act which legally may be done by or to any person may be done by or to the agent of such person for that purpose, unless a contrary intention clearly appears" (N.D.C.C. 3-02-01); (2) An agent has such authority as the principal actually or ostensibly confers upon the agent.  Actual authority is such as a principal intentionally confers upon the agent or intentionally or by want of ordinary care allows the agent to believe the agent possesses.  Ostensible authority is such as the principal intentionally or by want of ordinary care causes or allows a third person to believe the agent possesses" (N.D.C.C. 3-02-02); (3) Every agent has actually such authority as is defined by this title unless specially deprived thereof by the agent's principal, and has even then such authority ostensibly, except as to persons who have actual or constructive notice of the restriction upon the agent's authority" (N.D.C.C. 3-02-03);

**7A3:**   Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: (1) "An authority expressed in general terms, however broad, does not authorize an agent to act in the agent's own name unless doing so is the usual course of business, to define

the scope of the agent's agency, or to do any act that a trustee is forbidden to do under chapters 59-09" through 59-19 (N.D.C.C. 3-02-05);

**7A4:**   Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: (1) "An Agent never can have authority, either actual or ostensible, to do an act which is, and is known or suspected by the person with whom the agent deals to be, a fraud upon the principal" (N.D.C.C. 3-02-07);

**7A5:**   Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: (a) "An agent has authority: (1) To do everything necessary or proper and in the ordinary course of business to effect the purpose of the agent's agency. (2) To make a representation respecting any matter of fact, not including the terms of the agent's authority, but upon which the agent's right to use the agent's authority depends and the truth of which cannot be determined by the use of reasonable diligence on the part of the person to whom the representation is made" (N.D.C.C. 3-02-08);

**7A6:**   Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or

instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: "An agent must use ordinary diligence to keep the agent's principal informed of the agent's acts in the course of the agency.  An agent must not exceed the limits of the agent's actual authority as defined by this title" (N.D.C.C. 3-02-12);

**7A7:**   Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: (1) "An agent represents the agent's principal for all purposes within the scope of the agent's actual or ostensible authority, and all the rights and liabilities which would accrue to the agent from the transactions within such limit, if they had been entered into on the agent's own account, accrue to the principal" (N.D.C.C. 3-03-01); (2) When an agent exceeds the agent's authority, the agent's principal is bound by the agent's authorized acts so far only as they can be plainly separated from those which are unauthorized" (N.D.C.C. 3-03-02); (3) "A principal is bound by the acts of the principal's agent under a merely ostensible authority to those persons only who in good faith and without ordinary negligence have incurred a liability or parted with value upon the faith thereof" (N.D.C.C. 3-03-03);

**7A8:**   Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil

Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: (a) "Any instrument within the scope of the agent's authority by which an agent intends to bind the agent's principal does bind the principal if such intent is plainly inferable from the instrument itself" (N.D.C.C. 3-03-04); (b) "A principal is bound by an incomplete execution of an authority when it is consistent with the whole purpose and scope thereof, but not otherwise" (N.D.C.C. 3-03-06);

**7A9:**   Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: (a) "As against a principal, both principal and agent are deemed to have notice of whatever either has notice and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other" (N.D.C.C. 3-03-05);

**7A10:**   Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: (a) "Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of the principal's agent in the transaction of the business of the agency, including wrongful acts committed by the agent in and as a part of the transaction of the business, and for the agent's willful omission to fulfill the

obligations of the principal;  (b) "The principal is not responsible for: (1) Other wrongs committed by the principal's agent unless the principal has authorized or ratified them, even though they are committed while the agent is employed in the principal's service"" (N.D.C.C. 3-03-08);

**7A11:**  Under the Act, 96 Stat. 978, Section 101, "Agency" means a department, agency, or instrumentality of the United States Government; The plaintiff, pursuant to Rule 44, Rules of Civil Procedure, and 62 Stat. 947, Section 1738, submits that, within the situs of defendant's state and citizenship: (a) "One who assumes to act as an agent is responsible to third persons as a principal for that person's acts in the course of that person's agency": (1) When that person enters into a written contract in the name of that person's principal without a good-faith belief in having the authority to do so; and (2) "When that person's acts are wrongful in their nature" (N.D.C.C. 3-4-02)

**7B:**        "The term "claim" or "debt" means any amount of funds or property that has been determined by an appropriate official of the Federal Government to be owed to the United States by a person, organization, or entity other than another Federal agency. A claim includes, without limitation * * * (C) over-payments, including payments disallowed by audits performed by the Inspector General of the agency administering the program, (D) any amount the United States is authorized by statute to collect for the benefit of any person, (E) the unpaid share of any non-Federal partner in a program involving a Federal payment and a matching, or cost-sharing, payment by the non-Federal partner, (F) any fines or penalties assessed by an agency; and

(G) other amounts of money or property owed to the Government" (96 Stat. 978, Section 3701);

**8:  FOR A FIRST CAUSE OF ACTION**

**8A1:**   The False Claims Act ("the Act" or "FCA"), 96 Stat. 978, Section 3729, creates liability for persons whom have committed certain acts;

**8A2:**   "Any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . . is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000 . . ., plus 3 times the amount of damages which the Government sustains because of the act of that person" (96 Stat. 978, Section 3729(a)(1)(A);

**8A3:**   During the spring of 2017, at Grand Forks: North Dakota, Shanna Mills knowingly presented to plaintiff (as "grantee" or "recipient"), or caused to be presented to plaintiff, a false or fraudulent claim for a payment of $12,671.62 in money spent or used on the Government's behalf or to advance a Government program or interest after the Government had provided all or some portion of the money requested or demanded by the defendants;

**8A3:**   During the summer of 2017, at Grand Forks: North Dakota,  Kathy Halsey knowingly presented to plaintiff (as "grantee" or "recipient"), or caused to be presented to plaintiff, a false or fraudulent claim for a payment of $12,671.62 in money spent or used on the Government's behalf or to advance a Government program or interest after the Government had provided all or some portion of the money requested or demanded by the defendants;

8A4:   Plaintiff has no obligation whatsoever within the meaning of  96 Stat. 978, Section 3729(b)

(2)(3);   I affirm that the Foregoing complaint is true; and that I am located outside of the United States (noun: "U.S.").

**W H E R E F O R E,** plaintiffs request judicial intervention and make application **(1)**  for injunctive relief, as appropriate; and **(2)** for a trial under the law of the Country before a jury of Plaintiffs peers and, **(3)** if the court or a jury determines that a violation has occurred under 96 Stat. 978, Section 3729, **(4)** for imposition of the penalty of forfeiture in the amount of five thousand ($5,000) dollars; and **(5)** for specific relief; **(6)** by compelling a party to do that which ought to be done; and **(7)** by declaring and determining the rights of the parties, otherwise than an award of damages.

* * * * *

Done at North Dakota, U.S.A.

Friday 1 September 2017

For The Plaintiff-Complainant;

*Sheik Bey*

Brother T. M. Williams Bey, Sheik;
C/o. P.O. Box 5691: Grand Forks, 58206;
The United States: North Dakota, U.S.A.

by:   /s/ *Sheik Terrance Muhammad Bey*

Sheik Terrance Muhammad Bey, Trustee;
Muslim Employee's Association;
C/o. Trustee, P.O. Box 5691;
Grand Forks: North Dakota;
The United States: North Dakota, U.S.A.
Trustee@ymms.us